UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
JONATHAN THOMAS,                :
                                :
          Petitioner,           :   Civ. No. 21-16164 (NLH)
                                :
     v.                         :   MEMORANDUM ORDER
                                :
THE ATTORNEY GENERAL OF THE     :
STATE OF NEW JERSEY, et al.,    :
                                :
          Respondents.          :
_____:

APPEARANCES:

Jonathan Thomas
# 138517D 8426
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

     Petitioner Pro se

Kristin J. Telsey, Salem County Prosecutor
David M. Galemba, Assistant Prosecutor
Salem County Prosecutor's Office
87 Market Street
Salem, NJ 08079

     Counsel for Respondent

HILLMAN, District Judge

     WHEREAS, Petitioner Jonathan Thomas, filed a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging

his conviction in the Superior Court of New Jersey, Law

Division, Salem County, see ECF No. 1; and

     WHEREAS, Respondents filed their answer on April 8, 2022,

ECF No. 9; and

WHEREAS, Petitioner moves to stay the § 2254 proceedings while his second postconviction relief ("PCR") petition is pending in the state courts.  ECF No. 11.  Alternatively, he requests an extension of time to submit his traverse.  ECF No. 12; and

WHEREAS, Petitioner states the following claims are unexhausted and pending before the state courts: 1) "Petitioner was denied effective assistance of counsel for counsel's failure to properly investigate potential defense witnesses."; 2) "Petitioner was denied effective assistance of counsel by counsel's failure to make proper and timely objections."; 3) "Petitioner was denied effective assistance of counsel by counsel's lack of preparedness, which was displayed before the Jury"; and 4) ""Post conviction relief is required because of the cumulative effect of the errors and the ineffectiveness set forth above."  ECF No. 11 at 2-3; and

WHEREAS, Respondent opposes the motion for a stay, ECF No. 13.  "First of all, the first issue above is clearly exhausted, as it was raised verbatim in petitioner's first PCR, at the state trial, appellate, and supreme court levels."  Id. at 4. "With respect to the second, third and fourth issues, which were raised in the first PCR at the trial level, but not appealed in the state courts, petitioner does not explain why these claims were not timely exhausted in the state courts prior to filing

2

his federal habeas petition."  Id.  "The currently pending second PCR petition containing the four above claims is unquestionably procedurally barred and will not be reviewed by the state courts."  Id. at 6; and

WHEREAS, Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c); and

WHEREAS, a Court may stay federal habeas proceedings under certain circumstances.  "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Rhines v. Weber, 544 U.S. 269, 277 (2005).  "[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  Id.; and

WHEREAS, in support of his motion, Petitioner asserts that the raised issues were "not raised by none of petitioner's Post

Conviction counsel through out his PCR proceedings even though petitioner specifically requested that his PCR Counsel raise this issue and even put the issue in the initial PCR petition." ECF No. 11 at 7; and

WHEREAS, Petitioner exhausted his first claim in his first PCR petition; no stay is necessary for this claim. However, the other claims were allegedly not exhausted due to PCR counsel's failure to raise them. If true, there would be good cause for Petitioner's failure to exhaust these claims before filing his § 2254 petition. Prisoners are permitted to file "protective petitions" in federal court in certain circumstances. See Pace v. DiGuglielmo, 544 U.S. 408, 426-17 (2005); Gerber v. Varano, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) ("Stay and abey is available even when a petitioner has exhausted none of the claims in his petition." (citing Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009))); and

WHEREAS, Respondent argues the other claims are "unquestionably procedurally barred and will not be reviewed by the state courts." ECF No. 13 at 6. The question is close, but the Court will err on the side of caution and grant the stay; and

WHEREAS, when "state procedural rules bar a petitioner from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of

available State corrective process." Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000) (internal quotation marks omitted) (citing 28 U.S.C. § 2254(b)).  Petitioner has a second PCR petition pending before the state courts, and the state courts should have the first opportunity to determine whether the claims are procedurally barred under state law.  See N.J. Ct. R. 3:22-4(b)(setting forth exceptions that would permit a second or subsequent PCR petition).  It would not be an efficient use of this Court's resources to continue with the § 2254 proceedings when Petitioner has an active PCR petition pending in the state courts; and

WHEREAS, there is no indication Petitioner engaged in intentionally dilatory litigation tactics as he is currently litigating his claims in state court.[1]  Therefore, the Court concludes that a stay of the proceedings is appropriate; and

WHEREAS, the Clerk of Court will be ordered to administratively terminate this petition.  Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms

---

[1] Petitioner states he requested a stay of the proceedings shortly after filing his § 2254 petition.  ECF No. 11 at 5.  He submitted a copy of the request that is stamped as having been received in the Clerk's Office on September 13, 2021.  Id.  The motion does not appear to have been docketed prior to this matter being reassigned to the undersigned on February 25, 2022. ECF No. 7.

of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases); and

WHEREAS, Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion.  The Clerk will reopen the matter when Petitioner informs the Court that he has exhausted his state court remedies; and

WHEREAS, Petitioner's motion for an extension of time to file his traverse will be dismissed as moot.  ECF No. 12.  The Court will issue an appropriate order once the matter is reopened,

THEREFORE, IT IS on this   8th   day of   August  , 2022

ORDERED that Petitioner's motion to stay, ECF No. 11, be, and the same hereby is, granted; and it is further

ORDERED that the case shall be, and hereby is, stayed pending state court exhaustion.  Rhines v. Weber, 544 U.S. 269 (2005); and it is further

ORDERED that Petitioner's motion for an extension of time to file a traverse, ECF No. 12, be, and the same hereby is,

dismissed as moot.  The Court will issue an appropriate order once the matter is reopened; and it is further

ORDERED that Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion; and it is further

ORDERED that the Clerk shall reopen this matter upon receipt of Petitioner's notice; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail and administratively terminate this case.


                                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.